114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph L. ATKINS, Plaintiff-Appellant,
v.
The BOEING COMPANY, Boeing of Portland, a foreign
corporation, Defendants-Appellees.
 No. 96-35037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 15, 1997.
 
 1
 Before: SKOPIL, BRUNETTI, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Joseph L. Atkins appeals the district court's entry of summary judgment in his diversity action alleging that his employer negligently retained a violent co-worker. The court ruled that Atkins' common law tort claim was preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). We agree. Resolution of Atkins' claim requires interpretation of the collective bargaining agreement. Specifically, the agreement contains provisions relating to safety in the workplace and dismissal of employees. Atkins' claim is not an independent state-law right "that can be enforced without any need to rely on the particular terms, explicit or implied, contained in the labor agreement." Miller v. AT & T Network Systems, 850 F.2d 543, 546 (9th Cir.1988). Accordingly, his state law action is preempted, and was properly dismissed by the district court. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3